## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| NANCI L. DANISON, | : |
| Plaintiff, | : Case No. 2:21-cv-00219-MHW-EPD |
| v. | : District Judge Michael H. Watson |
| | : Magistrate Judge Elizabeth Preston Deavers |
| SLEEP NUMBER CORPORATION, | : |
| Defendant. | : |

### PROTECTIVE ORDER

To protect confidential employee records, confidential business records, or commercial information, and/or private information related to this litigation between Plaintiff Nanci L. Danison and Defendant Sleep Number Corporation (collectively the "Parties"), it is HEREBY ORDERED that:

**Introduction and Information Covered by the Agreement.**

1. This Protective Order is made under Fed. R. Civ. P. 26(c). The purpose of this Protective Order is to permit the Parties and their respective counsel in the above-captioned matter to discover certain information, documents, and things from each other and to reasonably limit disclosure of said confidential information that may be exchanged and produced now and in the future during this litigation.

2. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; documents produced in discovery, deposition transcripts and videotapes; deposition exhibits; and other writings or things designated by a party as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in accordance with the terms of this Protective Order.

3. This Order shall apply to any person or entity from whom discovery may be sought and who desires protections for the discovery sought. Thus, any non-party requested or required to produce or disclose documents, things or information, or to provide testimony in this proceeding, through subpoena or otherwise, may designate such documents, things, or information or testimony as Confidential under the terms of this Protective Order. Third party discovery designated under this Order shall be treated by the parties in accordance with the provisions of this Protective Order as if such documents, things, information, or testimony were produced or provided by a party to this action.

**Designation of Information.**

4. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," may be invoked in good faith by a producing party with respect to items of discovery produced during this litigation which the producing party or non-party reasonably believes in good faith are (1) unavailable to the public, (2) not readily determinable from other sources, (3) are or have been treated as confidential by that party, and (4) contain any (a) confidential, strategic, research, development, pricing, financial, customer, or commercial information, or (b) private, personal, or personnel information. Discovery items that may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," in this case include, but are not limited to: the Parties' private and personal information; Parties' financial information, including any tax forms or similar financial records; Parties' internal documents or records related to their business; Defendant's internal business records; internal communications and information related to Defendant's products; private and personal information relating to current and former employees of Defendant; personnel or employment records, including salary information, relating to employees of Defendant; commercial or financial information that any party has maintained as confidential; medical information concerning any individual; personal identity information; income tax returns, W-2

forms, and similar tax forms; and names, contact information, financial information, or other personal information or documents concerning customers of Defendant. Notwithstanding this Order, the Parties reserve the right to seek a higher degree of confidentiality protection from the Court for any particular materials where such protections are warranted, including "Attorneys' Eyes Only" protections or other restrictions on the use or dissemination of such materials.

     5.    A party may designate information disclosed at a deposition as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have thirty (30) calendar days after the date the transcript of the deposition is received from the Court reporter to designate, in writing to the other party, whether the transcript or any portion thereof is to be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

     6.    The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

### Use and Disclosure of Confidential Information.

     7.    The Parties shall act to protect from public disclosure all information produced through discovery and designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Any document or information produced or disclosed pursuant to the terms of this Protective Order cannot, unless otherwise agreed by the Parties, be used for any purpose other than in connection with the lawsuit.

8. Thus, information and documents produced through discovery and designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may be disclosed only to: (a) a named party; (b) members of Defendant's in-house legal department; (c) outside counsel and their staff for the Parties; (d) experts and consultants retained by a party for assistance in trial preparation or for testimony; (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial/services, trial planning and assistance, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (f) the Court and its personnel.

9. Information and documents produced through discovery and designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may also be disclosed to: (a) a witness who is testifying in a deposition, hearing, trial, or other proceeding in this litigation provided that counsel disclosing the Confidential Information has a good faith basis for believing the documents are relevant to the witness's testimony or knowledge; (b) the custodian or author of the Confidential Information; (c) a person who previously received the Confidential Information; (d) current employees of the designating party; and (e) anyone who counsel for the Parties agrees is appropriate to see the Confidential Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

10. All persons to whom Confidential Information are disclosed shall be advised of the existence of this Protective Order. Prior to disclosure of Confidential Information to any outside expert or consultant described in this Protective Order, such person shall agree in advance to be bound by this Protective Order by signing a declaration attesting as such.

11. In the event a party seeks to file with the Court any confidential information subject to protection under this Order, that party must take appropriate action to ensure that the document

receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

12. When a party to this Order seeks to file documents which are marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," but is not the party who may be prejudiced by the document or documents becoming part of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least (14) **fourteen days** before doing so. After being provided such notice, the potentially harmed party or parties will then have (7) **seven days** to file with the Court a motion for sealing. The Court will rule on the motion as promptly as possible.

### The Parties' Rights Under this Protective Order.

13. This Protective Order may be modified by joint stipulation of the Parties, upon further order of the Court. This Protective Order may also be modified by the Court absent stipulation of the Parties. Nothing in this Protective Order shall prohibit a party from seeking or receiving further protection of Confidential Information by stipulation, by application to the Court upon notice, or upon other order of the Court, or from seeking other or additional protective orders.

14. If any party wishes to challenge a designation under this Protective Order, the Parties shall first request a changed designation from the producing party, and, if no satisfactory agreement is reached, may petition the Court to challenge a designation at any time prior to termination of this lawsuit. Until a change to a designation is granted by agreement or order, the producing party's designation will govern.

15. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in this action. This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information sought in the course of discovery. The provision of materials subject to this Protective Order shall not constitute an admission as to the discoverability or admissibility at trial of any material.

### Motions to Seal.

16. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with S.D. Ohio L.R. 5.2.1. This order does not authorize the filing of any documents or other matter under seal. Indeed, the Court will determine which documents may be filed under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file such items under seal shall file and serve a motion that sets forth:

    A. the authority for sealing;

    B. an identification and description of each item proposed for sealing;

    C. the reason that sealing each item is necessary; and

    D. the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing.

### Conclusion of Litigation.

17. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents designated

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and to certify to the producing party such destruction or return upon request.

18. Notwithstanding the above requirements to return or destroy documents, counsel for any party may retain (1) attorney work product, including emails and notes that refer or relate to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of such materials, and (2) one complete set of all pleadings, court papers, depositions, exhibits, correspondence related to the case, and any documents filed with the Court or used at trial, including those filed under seal. Any retained Confidential Information shall be maintained and protected in accordance with the terms of this Protective Order.

**Remedies for Violations.**

19. Any violation of this Protective Order may result in a party requesting any available sanction by way of noticed motion.

**SO ORDERED** this 5th day of August, 2021.

s/ *Elizabeth A. Preston Deavers*
_____
Elizabeth Preston Deavers
UNITED STATES MAGISTRATE JUDGE